WENZEL CERNIK, APPELLEE, V. McKEEN MOTOR-CAR COM-
PANY, APPELLANT.

FILED JUNE 15, 1918. No. 19849.

**Master and Servant: INJURY TO SERVANT: NEGLIGENCE: EVIDENCE.** In
a suit by an employee to recover from his employer damages for
personal injuries resulting from the latter's negligence, proof
tending to show that defendant did not furnish proper appliances
or men enough for the work in hand *held* sufficient to sustain
a verdict in favor of plaintiff on those issues.

APPEAL from the district court for Douglas county:
WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Edson Rich, A. G. Ellick* and *C. A. Magaw,* for ap-
pellant.

*Jefferis & Tunison, contra.*

ROSE, J.

This is an action to recover $25,000 for personal in-
juries. From the judgment on a verdict in favor of
plaintiff for $11,860, defendant has appealed.

Defendant is a manufacturer of railway motor-cars at
Omaha. In its shop plaintiff was injured while he and two
other employees were using an iron pipe in handling a
heavy iron bolster. Under issues raised by the pleadings
the trial court submitted to the jury two charges of negli-
gence—failure to furnish a proper appliance and failure
to provide men enough for the work in hand.

Defendant takes the position that there is no evidence
of negligence on its part, and that therefore there should
have been a peremptory instruction in its favor. Exist-
ing conditions enter into both acts of alleged negligence
included in the charge to the jury. In determining the
sufficiency of the evidence to sustain the verdict, material
facts of which there is proof, are regarded as established.
The separate parts of the bolster, some of them heavy
pieces of iron, were assembled and fastened together on a

railroad flat-car. This was the work of three men. After the flat-car had been moved to the proper place in the shop, an iron pipe one inch in diameter and about five feet in length was used in carrying the bolster. For this purpose the middle of the pipe was placed under the bolster at right angles in front of the center of mass, plaintiff holding one end of the pipe, a fellow employee holding the other end of the pipe, and the foreman in charge holding the rear end of the bolster. In this manner it was taken from the flat-car, one end being inserted in the forge and the other end resting on a wooden horse. While it was being carried in the manner indicated from the forge to the anvil, after it had been pulled out of the fire, it slipped on the iron pipe toward plaintiff, increasing his load and injuring his back. In addition to the bolster, to the wooden horse, and to the anvil there was a column of the building near. In taking the bolster to the anvil, after one end had been heated in the forge, the men were required to lift it, remove the wooden horse, walk backward in pulling the hot end out of the fire, turn to one side, and walk several feet. It was in performing these duties that plaintiff was injured. There was no shoulder or flat surface on the pipe or other device to prevent the bolster from slipping. Plaintiff was a small man, smaller than either of the other men. This handicap had a tendency to increase his burden and to make the bolster slip toward his hands. He was without experience, not having previously assisted in carrying more than two or three bolsters. He had nothing to do with the selection of the pipe, was not instructed in regard to it, and was not warned of the danger of its slipping, but was ordered to use it. He did not know the weight of the bolster, but had seen four men carrying a similar one in the shop. Plaintiff could not use the iron pipe alone or control the acts or conduct of the other men. He was required to work in conjunction with them, and was thus handicapped in his own movements and labors. The heated end of the bolster, the moving of the wooden horse, walking backwards,

turning, avoiding collision with stationary objects in the
shop, holding the pipe and carrying a heavy load were
matters requiring the attention of plaintiff, though he
could not act independently in performing the duties as-
signed to him. These conditions could not be overlooked
by the employer in furnishing appliances and men. The
evidence sustains a finding that plaintiff was not at fault,
and that he did not know the danger or assume the risk.
With the issues and the proofs in the condition outlined,
the trial court could not determine as a matter of law that
there was no negligence on the part of defendant. Negli-
gence in both particulars described in the instructions of
the trial court may fairly be inferred from evidence tend-
ing to prove the facts outlined. There is abundant proof
that such negligence was the proximate cause of the in-
jury to plaintiff's back, and that Pott's disease resulted
therefrom. There was therefore no error in submitting
to the jury the two issues of negligence mentioned. In
this view of the evidence there is no error in the record.

AFFIRMED.

CORNISH and HAMER, JJ., not sitting.